[No. 1630, August 22, 1914.]

THE C. W. KETTERING MERCANTILE COMPANY, a corporation, Appellant vs. W. A. SHEPPARD, J. E. BOLANDER and G. T. BOLANDER, doing business under the firm name and style of SHEPPARD & BOLANDER, Appellees.

## SYLLABUS BY THE COURT.

1. An instruction to the jury "that the plaintiff has established his right to recover $65.00 for the purchase price of the insulating material," being based upon conflicting evidence, would be a comment on the weight of the evidence, and erroneous under Section 2994. C. L. 1897.

P. 332

2.   Loss of profits growing out of a breach of contract and resulting to an unestablished business are of too uncertain a character to constitute a basis for the computation of damages for the breach.

P. 334

Appeal from the District Court of Sierra County; Merritt C. Mechem, Presiding Judge. Remanded with instructions.

Edward D. Tittmann, for appellant.

Basis for damages.  12 Ind. 542; 16 N. M. 302; S. W. 648; 53 L. R. A. 33; 8 L. R. A. N. S. 255; S. W. 206; 91 N. W. 508; 13 Fed. 72; 128 Fed. 693; 138 Fed. 150; 61 N. E. 561; 76 N. E. 294; 67 N. E. 867; 51 N. W. 930.

Anticipated profits.  94 Pac. 258; 111 Fed. 96; 161 Ill. App. 180; 41 S. E. 911; 150 Ill. App. 372; 123 S. W. 67; 120 N. W. 1030; 37 S. E. 130; Sedgwick on Dam. 219-234, Vol. 1, 7th Ed.; 87 Pac. 331; 113 Fed. 72; 51 N. W. 930; 62 S. E. 748; 96 Pac. 1112; 11 N. W. 828; 12 N. W. 640; 193 Fed. 1; 148 S. W. 269; 22 Pac. 502; 141 S. W. 1019; 119 Pac. 374; 185 Fed. 748.

H. A. Wolford, for appellees.

Third assignment of error. 8 L. A. N. S. 255; Sedgwick on Dam., p. 123, Vol. 1.

### STATEMENT OF FACTS.

This is an action, as set out in the complaint, to recover for an ice box sold appellees at the contract price of $515.00; insulating material to be used in connection therewith at a price of $65.00; and, freight prepaid by appellant from the factory at Waterloo, Iowa, to Omaha, Nebraska, in the sum of $20.30, making an aggregate sum of $600.30, for which the complaint prays recovery.

The defendants, by their answer, admit an agreement to purchase an ice box or cooler and sufficient material to insulate certain pipes in connection therewith, but

332          SUPREME COURT OF NEW MEXICO

Kettering Merc. Co. v. Sheppard, 19 N. M. 330

deny liability for freight charge and further set up that the
ice box or cooler, together with insulating material was to
be furnished for a consideration of $515.00, defendants to
pay freight from Omaha, Nebraska, and that a failure to
conform to specifications resulted in damages to the
amount of $250.00.

Defendants put in a counterclaim of $1,450.00 based
upon damages for alleged breach of a contract between the
same parties for the installation of certain ice and refrig-
erating apparatus, which contract, it was asserted, had
been broken in divers and sundry respects. At the trial
the item for freight, referred to in the complaint, was
eliminated and no appeal taken from the court's ruling in
that respect.

The court instructed the jury that it must find for
plaintiff for not less than $515.00, but might deduct from
this amount damages up to $40.00 for faulty blue prints;
damages not exceeding $50.00 for loss of profits caused by
delay in the shipment of ice making plant; and, damages
not exceeding $117.00 for failure of the ice plant to make
ice as stipulated, as to time and quantity, in the contract.

The jury returned a verdict giving the defendants the
maximum damages mentioned in the court's instructions
and finding that plaintiff was entitled to recover from the
defendants the sum of $308.00. From the judgment for
said sum of $308.00, in favor of plaintiff, plaintiff sued
out this appeal.

Other facts are stated in the opinion.

### OPINION.

HANNA, J.—Our attention is first directed to an al-
leged error in the refusal of the trial court to give plain-
tiff's requested instruction No. 2, which was: "That
plaintiff has established his right to recover $65.00 for
the purchase price of the insulating material."

There was a conflict of evidence upon this issue in the
case and the instruction would, therefore, have been a
comment upon the weight of the evidence and objection-
able as violating Sec. 2994, C. L. 1897. Douglass vs. Ter-
ritory, 17 N. M. 108, 124 Pac. 339.

The second and third assignments of error, raise substantially the same question, viz: The admission of evidence to show damages in the loss of profits of an unestablished business was of too remote a character to be considered as the proper measure of damages for alleged breach of a contract by failure to deliver machinery within time specified in the contract.

It was sought to measure the damages by proving what the profits were after the business was established without proof of contingent sales during the time of the alleged delay under the contract.

It is axiomatic that damages must be certain and if of a speculative nature cannot be fairly considered as having been within the contemplation of the parties at the time they entered into the contract.

The early English and American rule in cases of contract or of tort, denied profits as a part of the damages to be compensated. The reason being that profits were contingent and speculative and often the subject of opinion. This former rule has been very largely modified and a plaintiff may now, in proper cases, show a gain prevented, or a loss of profit, as a ground of compensation. 1 Sedgwick on Damages, (9th Ed.) Sec. 176; De Palma vs. Weinman, 15 N. M. 89, 16 N. M. 302.

It is needless to say that the profits recoverable must be proximate, natural and certain.

The necessity that the damage should be certain has resulted in the rule that loss of profits growing out of a breach of contract and resulting to an unestablished business are of too uncertain a character to constitute a basis for the computation of damages for the breach.

1 Sedgwick on Damages, (9th Ed.) Section 183; 3 Sutherland on Damages, (3rd Ed.) Page 2136.

In the case under present consideration the damages sought are for loss of profits alleged to have resulted from delay in delivering machinery for use in a new business and the measure of this loss is predicated upon the opinion of a witness as to profits after the establishment of the business.

As said by Chief Justice Bleckley, in Kenny vs. Collier,.

79 Ga., 743, "If anything is speculative, remote, and contingent, it is the net income from a business never begun."

It is, therefore, our opinion that anticipated or expected profits from a business prior to its establishment is an improper element in the measure of damages, because it cannot be proved that they would have been realized.

States vs. Durkin, 68 Pac. 1091; Consumers Pure Ice Co. vs. Jenkins, 58 Ill. App. 519; Hair vs. Barnes, 26 Ills. App. 680; Green vs. Williams, 45 Ill. ?06; Central Trust Co. vs. Artic Ice Machinery Manufacturing Co., 26 Atl. Rep. 493; Winslow Elevator & Machinery Co., vs. Hoffman, et al., 17 L. R. A. (N. S.) 1130; Bank of Portland vs. Carrol, 88 Pac. 1012; Coweta Falls Manufacturing Co., vs. Rogers, 65 Am. Dec. 602; Winston Cig. M. Co., vs. Wells-Whitehead Tab. Co., 8 L. R. A. (N. S.) 255.

For the reasons stated it is apparent that the trial court was in error in admitting the evidence complained of and, consequently, in error in instructing the jury that it might allow damages based upon reasonable profits, if, as appears from the record, anticipated or expected profits of the unestablished business are the basis of the damages claimed. The proof, as to damages allowed by the jury under the instructions of the trial court in the items of fifty and one hundred and seventeen dollars respectively, having been based entirely upon the expected or estimated profits of the business prior to its establishment is insufficient to support the damages claimed and should not have been allowed. Our conclusion upon the question disposes of the remaining assignments of error, which otherwise we would consider.

For the reasons stated the cause is remanded with instructions to the District Court to enter judgment, in favor of plaintiff, in the sum of four hundred and seventy-five dollars, together with interest from the date of the original judgment, and, IT IS SO ORDERED.