279 P.2d 1064

**W. N. HEAD and Viola Head, husband and wife, Plaintiffs-Appellants,**

**v.**

**D. H. CRONE, Defendant-Respondent.**

No. 8078.

Supreme Court of Idaho.

Feb. 9, 1955.

Rehearing Denied March 4, 1955.

Budge & Clemons, Boise, Joseph J. Mc-Fadden, Hailey, James, Shaw & James, Gooding, for respondent.

William J. Langley, James M. Cunningham, Twin Falls, for appellants.

SMITH, Justice.

Appellants brought this action, consisting of four causes of action, under I.C. § 45-915 to recover damages and statutory penalty from respondent occasioned by reason of his failure to release six certain chattel mortgages dated variously commencing January 22, 1942, and ending January 8, 1948. Appellants' action is grounded upon the essential elements required by I.C. § 45-915.

The trial court granted nonsuit and entered judgment of dismissal of appellants' first and third causes of action. Appellants appealed therefrom and assign error of the trial court in granting nonsuit and dismissing those causes of action for the reason that they had established a prima facie case.

■ Appellants in their first cause of action allege damage of $21,600 caused by respondent's failure upon demand to release the chattel mortgages about November 1, 1950; that by reason thereof appellants were unable to obtain the necessary financial credit and aid wherewith, about November 1, 1950, to take advantage of an opportunity to purchase, at certain prices, some 1,700 head of bred ewes; that the following year they could have sold the ewes together with the increase of some 1,800 lambs, and the clipping of wool, at certain prices; and that certain expenses would have been incurred in the handling and care of the sheep. Mathematical computations show that the amount of alleged damage is a corresponding amount of loss of profits on such asserted lost transaction.

The pertinent matters which appellants developed in their case in chief, to be considered in disposing of the appeal as regards the first cause of action, are:

About November 1, 1950, a livestock commission man at Twin Falls directed appellant W. N. Head's attention to a band of some 1,700 ewes for sale at Bruneau which appellant Head inspected. He then went to the Gooding office of Southern Idaho Production Credit Association and made application for a loan, furnishing his financial statement and information concerning the unreleased chattel mortga-

ges. He did not obtain a loan from that Association. He did not have the money to buy the sheep. During the summer of 1950 and again during the fall, about November 1, 1950, he requested respondent to execute a release, as prepared by appellants, of the chattel mortgages. Appellants were not in the sheep business in 1950, nor for the past few years. They had some six to ten head of sheep only, during the fall of 1950. Their purpose in buying the sheep would be to stock their ranch and get back into the sheep business.

At the most, appellants showed that, while at times past they may have engaged in the sheep business, they were not so engaged during 1950, and had not followed that business for some years past; that during the fall of 1950 they desired to purchase certain ewes thereby to engage in sheep business and, that they anticipated profit to be derived therefrom; that their alleged damage consisted of alleged loss of anticipated possible profits to be derived from a business not yet in being but only contemplated to be established. Such a showing was insufficient to establish a prima facie case of damage.

■ If reasonable certainty is not attained and if it is speculative or doubtful whether a benefit would have been derived, then a complaining party must fail, because adequate proof is lacking. Hoskins v. Scott, 52 Or. 271, 96 P. 1112; Williams v. Bone, 74 Idaho 185, 259 P.2d 810; McNichols v. J. R. Simplot Co., 74 Idaho 321, 262 P.2d 1012; O'Brien v. Best, 68 Idaho 348, 194 P.2d 608.

■ Prospective profits contemplated to be derived from a business which is not yet established but one merely in contemplation are too uncertain and speculative to form a basis for recovery. 15 Am. Jur., sec. 157, p. 574; Jenkins v. Morgan, Utah, 260 P.2d 532; Weiss v. Revenue Bldg. & L. Asso., 116 N.J.Law 208, 182 A. 891, 104 A.L.R. 129; Kettering Mercantile Co. v. Sheppard, 19 N.M. 330, 142 P. 1128; California Press Mfg. Co. v. Stafford Packing Co., 192 Cal. 479, 221 P. 345, 347, 32 A.L.R. 114; 25 C.J.S., Damages, § 42 b, p. 519.

■■ Whether or not appellants made a prima facie case as to their third cause of action must depend upon appellants' showing as to respondent's good or bad faith.

Respondent urges that if a bona fide controversy exists between the mortgagor and mortgagee over the amounts due, and mortgagee's refusal to release the mortgage is in good faith, the mortgagee is not liable to mortgagor. Such is the rule relating to recovery of the penalty provided by I.C. § 45–915. Platts v. Pacific First Federal Savings & Loan Ass'n, 62 Idaho 340, 111 P.2d 1093; Harding v. Home Inv. & Sav. Co., 49 Idaho 64, 286 P. 920, 297 P. 1101.

Appellants' prima facie case shows that December 6, 1949, respondent released appellants' two real property mortgages

which appellants furnished as security additional to appellants' second and sixth chattel mortgages, respectively, (the first chattel mortgage lacking consideration); that respondent first advanced the excuse that his failure to release the chattel mortgages at that time was due to oversight; that appellant W. N. Head requested respondent to release the chattel mortgages at different times; that one such occasion was during the summer of 1950 when appellant Head additionally requested respondent to go to the local abstracter's office and execute a release which appellants would cause to be prepared, which release, when the abstracter presented it, respondent did not execute, stating that he thought there was some difference between him and appellants; that on the occasion of about November 1, 1950, the record shows that respondent couched his refusal in the language: "that's my business, I will release them when I get d— good and ready to, to h— with you;" that when approached about the matter again about November 1, 1951, by telephone, "He was just mum and hung up."

It appears from the record that appellants made a prima facie case on the question of whether or not respondent acted in bad faith, sufficient to submit their third cause of action to a jury. Appellants are entitled to a jury trial. Stevens v. Home Savings & Loan Ass'n, 5 Idaho 741, 51 P. 779, 986. The trial court improperly granted nonsuit and judgment of dismissal as to appellants' third cause of action.

■ This court, having reached the conclusion that the judgment of dismissal as to the third cause of action should be reversed and the cause remanded for a new trial as to that cause of action, will determine other questions presented by the parties, likely to arise upon new trial. I.C. § 1–205, Koser v. Hornback, 75 Idaho 24, 265 P.2d 988.

■ Appellants in their third cause of action and on the appeal relating thereto allege reasonable attorneys fees are recoverable as an element of damage. In a proper case attorneys fees incurred as the result of the necessity of bringing an action under I.C. § 45–915, to compel cancellation of a mortgage are recoverable. Cornelison v. United States Building & Loan Ass'n, 50 Idaho 1, 292 P. 243.

■ Respondent contends that since one of the chattel mortgages provided that a release thereof shall be made and recorded at the expense of the mortgagor, such required appellants either to tender fees for preparation and recordation of the release of that mortgage, or otherwise to arrange for its release at the expense of appellants. That position is untenable for the reasons: first, appellants' prima facie case shows that they caused the mortgage release to be prepared, and that neither appellant W. N. Head's request, nor that of the abstracter, of respondent that he execute the release, suggested any expense to be borne by respondent; and second, I.C. § 45–915 requires that when a mortgage has been satisfied,

the holder thereof must immediately, on demand of the mortgagor, either execute, acknowledge and deliver a certificate of discharge thereof so as to entitle it to be recorded, or enter, or cause to be entered, *satisfaction thereof of record. No provision is contained in such section of the statute requiring a tender of expense or fees by mortgagor to mortgagee as a condition precedent to the latter's execution and delivery of a satisfaction of the mortgage or entering a release of record.* Idaho's statute differs from Oregon Laws, section 9891, involved in the case of Knudson v. Knudson, 128 Or. 635, 275 P. 663, upon which respondent relies; such section of Oregon's statute then provided that the mortgagee must be tendered his reasonable charges before executing a satisfaction of the mortgage or releasing it of record.

Respondent insists that there was no duty on his part to execute the mortgage release, joint in form, which appellants caused to be prepared, intended to release all six chattel mortgages, since there was lack of consideration for the first chattel mortgage, dated January 22, 1942. Such concept cannot apply here because, a mortgage cannot be adjudged fraudulent solely *on the ground that it was not made for a* valuable consideration, I.C. § 55–908; further, the question of whether a transfer is void as being in fraud of creditors is one which may only be raised by creditors, and then only in a proper proceeding. Berryman v. Dore, 47 Idaho 582, 277 P. 565.

Respondent further contends that appellants are not entitled to a joint release of all six chattel mortgages because the last chattel mortgage, dated January 8, 1948, shows a balance owing thereon, and *that appellants must be bound by such a* theory of their case. Such contention cannot attain because: first, sums secured by the chattel mortgages, and the two real property mortgages, released December 6, 1949, which additionally secured payment of sums secured by the second and the last chattel mortgages, appear to have been regarded by the parties as a running account, and particularly by respondent since he at no time released any of the chattel mortgages; and the compilations made by the accountant, called by appellants, evidence sundry dealings of the parties, such as promissory notes, advances and payments on account which, because of the many transactions, had to be carried forward as a running account, and which show prima facie that respondent owed moneys to appellants; second, the judgment which the trial court entered upon trial of appellants' fourth cause of action ordering inter alia that the clerk of the trial court enter of record sufficient satisfaction of the six chattel mortgages, became final, conclusive and binding upon respondent by reason of his failure to appeal therefrom within the statutory time. I.C. § 13–201.

The judgment of dismissal of appellants' first cause of action is affirmed. The judgment of dismissal of appellants' third cause

of action is reversed and said cause remanded for new trial.

Costs to appellants.

TAYLOR, C. J., and KEETON, PORTER, and ANDERSON, JJ., concur.