544

324 P.2d 996

**W. N. HEAD and Viola Head, Husband and Wife, Plaintiffs-Respondents,**

v.

**D. H. CRONE, Defendant-Appellant.**

No. 8591.

Supreme Court of Idaho.

March 25, 1958.

Joseph McFadden, Hailey, Dale Clemons, Boise, for appellant.

Wm. J. Langley, James M. Cunningham, Twin Falls, for respondents.

PORTER, Justice.

Over the period from 1942 to 1948 respondents executed and delivered to appellant a series of five chattel and two real estate mortgages to cover loans and advances made by appellant to respondents. As each new mortgage was executed, respondents requested the release of the old mortgage but appellant failed and neglected to release any of such mortgages. In 1949 respondents made a payment sufficient to satisfy the balance of the indebtedness to appellant and demanded releases of the mortgages. Appellant released of record the real estate mortgages but failed and refused to release the chattel mortgages.

In the year 1952 respondents brought an action against appellant for the cancellation of such chattel mortgages and for damages and statutory penalty. Respondents,

by their complaint, alleged four causes of action. The first two causes of action were for damages because respondents were unable to complete certain business and financial transactions by reason of the existence of such chattel mortgages unsatisfied of record. The third cause of action was under the provisions of Section 45–915, I.C., for the statutory penalty and for damages for wilful refusal to satisfy such mortgages. The fourth cause of action was in the nature of an accounting suit and prayed for judgment for overpayment by respondents to appellant.

At the trial of the cause the court granted a nonsuit as against the first, second and third causes of action, and denied such motion as to the fourth cause of action. Judgment was entered on the fourth cause of action in favor of respondents for the sum of $80.66. No appeal was taken from the judgment entered on the fourth cause of action.

Respondents appealed from the judgment of nonsuit entered on the first and third causes of action. This court affirmed the judgment of nonsuit entered against the first cause of action, but reversed the judgment of nonsuit entered against the third cause of action and remanded the same for new trial. Head v. Crone, 76 Idaho 196, 279 P.2d 1064.

Trial was had before a jury on the third cause of action which awarded respondents the sum of $500 penalty for failure and refusal of appellant to release the five chattel mortgages of record.

It was stipulated between the parties that the trial judge without evidence should fix the amount of damages representing reasonable attorneys fees which the court fixed at $2,500. Judgment was entered accordingly. From such judgment appeal has been taken to this court by appellant herein.

Appellant contends on this appeal that the evidence is insufficient to justify the verdict and judgment under the provisions of Section 45–915, I.C., which section reads as follows:

"When any mortgage or conditional sales contract, affecting the title to real or personal property, has been satisfied, the holder thereof or his assignee must immediately, on the demand of the mortgagor, purchaser, or the successor in interest of either, execute, acknowledge, and deliver to him a certificate of the discharge thereof so as to entitle it to be recorded, or he must enter satisfaction or cause satisfaction of such mortgage or conditional sales contract affecting the title to real or personal property, to be entered of record; and any holder, or assignee of such holder, who refuses to execute, acknowledge, and deliver to the mortgagor, purchaser, or the successor in interest of either, the certificate of discharge, or to enter satisfaction, or cause satisfaction of the mortgage or conditional sales contract to be entered,

as provided in this chapter, is liable to the mortgagor, purchaser, or his grantee or heirs, for all damages which he or they may sustain by reason of such refusal, and shall also forfeit to him or them the sum of $100.00."

█ The evidence in this trial as to the lack of good faith on the part of appellant in refusing to satisfy the chattel mortgages of record was substantially the same as in the first trial. In our opinion upon the former appeal we quoted from such evidence and we specifically held that the evidence was sufficient to make a prima facie case, and we reversed the judgment of nonsuit and sent the third cause of action back for new trial. We do not deem it necessary to repeat such quotations from the evidence. Appellant's contention that the evidence is insufficient to sustain the verdict of the jury and judgment is without merit. The verdict of the jury being based upon substantial, though conflicting, evidence, will not be disturbed on appeal. Oregon Feeding Company v. Noland, Idaho, 319 P.2d 479, and cases therein cited.

Appellant next contends that no attorneys fees as damages are allowable. In our decision on the first appeal of this case we used the following language:

"Appellants in their third cause of action and on the appeal relating thereto allege reasonable attorneys fees are recoverable as an element of damage. In a proper case attorneys fees incurred as the result of the necessity of bringing an action under I.C. § 45-915, to compel cancellation of a mortgage are recoverable." [76 Idaho 196, 279 P.2d 1066]

In Cornelison v. United States Building & Loan Ass'n, 50 Idaho 1, at page 8, 292 P. 243, at page 246, we said:

"Attorney's fees incurred as the result of necessity of bringing action to compel cancelation of the mortgage are recoverable as damages. 2 Jones on Mortgages, 8th ed., p. 765, citing Kelly v. Narregang Inv. Co., 41 S.D. 222, 170 N.W. 131."

In Swaner v. Union Mortgage Co., 109 Utah, 298, 105 P.2d 342, at page 346, the Utah Court said:

"But we are here confronted with a statute dealing with the release of mortgages which provides that one who wrongfully fails to release a mortgage must pay 'all damages resulting from such failure.' We believe that 'all damages' includes the damage one incurs when compelled to employ an attorney to bring legal action to secure a release of the mortgage."

█ Attorneys fees incurred in the prosecution of the third cause of action are not recoverable. Attorneys fees incurred in the prosecution of the cause of action for cancellation and satisfaction of record of the chattel mortgages are recoverable herein as an item of damages.

548

The final contention of appellant is that the allowance of $2,500 as damages representing reasonable attorneys fees is excessive. Attorneys fees are allowable as an element of damages arising out of the necessity of bringing an action to have the chattel mortgages cancelled of record. These chattel mortgages were cancelled as part of the judgment rendered on respondents' fourth cause of action and the proceedings on such cause of action are the matters to be considered in determining the reasonable amount of damages representing attorneys fees incurred by respondents.

It appears that some $88,000 was involved in loans and advancements and repayments over a period of years from 1942 to 1949. Appellant caused complicated audits to be made. The original trial occupied the court's time from May 3 to May 14, inclusive. The major portion of this time was devoted to the trial of the fourth cause of action. The trial court was familiar with the work required of and done by the attorneys for respondents. Having all the facts and circumstances in mind, we cannot say that the trial court committed error in allowing the sum of $2,500 damages representing reasonable attorneys fees for the trial of the fourth cause of action in respondents' original complaint.

The judgment entered by the trial court is affirmed. Costs awarded to respondents.

KEETON, C. J. and TAYLOR, SMITH and McQUADE, JJ., concur.