ALBERT GALLOWAY, Respondent, *vs.* WM. M. LITCHFIELD *et al.*, Appellants.

#### APPEAL FROM THE DISTRICT COURT OF MOWER COUNTY.

In an action to have a mortgage cancelled, in which the mortgagee and another are joined as Defendants with the assignee, and wherein the Plaintiff seeks to recover the damages given by statute against a mortgagee or his assigns, who refuses to discharge the mortgage after the conditions thereof have been fully performed, a general verdict for the Plaintiff was rendered, assessing statutory damages against all the Defendants. *Held,* That as the assignee alone was authorized to give a legal discharge of the mortgage, the verdict, so far as it assessed statutory damages against the other Defendants, was irregular.

### Points and Authorities for Appellants.

I.—The verdict of the jury imposing the statute penalty of $100 upon all the Defendants, is irregular and against the law.

Franklin D. Lewis, the assignee of the mortgage in question, was the only person who could discharge it, consequently the only person who could be subjected to the statute penalty for not doing so after tender.   *Comp. Stats., chap.* 35, *sec.* 39, *p.* 401.

Galloway v. Litchfield et al.

II.—The verdict of the jury is against the evidence.

1. In finding that the transaction between Litchfield and V. P. Lewis was a payment of the mortgage.

2. In finding that the assignment of the same by Litchfield to F. D. Lewis, was for fraudulent purposes. 1 *Hill. on Mort.*, *p.* 449, *and cases cited in note;* *Perkins vs. Pitts*, 11 *Mass.*, 125; 2 *Stark. Ev.*, 2d *Am. Ed.*, *p.* 43; 1 *Green. Ev.*, *secs.* 113, 114; 1 *Story Eq. Jur.*, 186–7–8.

III.—The complaint does not state facts sufficient to constitute a cause of action. It alleges no intent to defraud the Plaintiff, or any one else, and negatives any idea of fraud in F. D. Lewis.

Points and Authorities for Respondent.

I.—This cause should be dismissed. It is not before this Court for adjudication. No appeal has been taken from any order or judgment made by the Court below. *Comp. Stat.*, *p.* 621, *secs.* 1 *and* 2; *Sess. Laws*, 1861, *chap.* 22, *sec.* 1, *p.* 133. The only order made in the cause by the Court below, is found in the case, which is " That the application for a new trial be denied." Nothing more !

The order contained in the return to this Court is not appealed from. *Comp. Stat.*, *p.* 621, *sec.* 5. The " notice of appeal " is final upon the parties and the Court. The case shows, folios 105–6–7, that the Defendants moved for a new trial and also in arrest of judgment.

The motion contains two separate and distinct applications for relief from the verdict. *Comp. Stat.*, *p.* 561, *sec.* 39, *and p.* 564, *sec.* 58.

The order contained in the return shows that the Court below has determined the first branch of the motion adversely to the appellants. But the second branch, so far as this Court is informed, is still undetermined in that Court. If it has been determined it must be produced or " brought here," as prescribed by the Statute. Until it is brought here, there is nothing before this Court to determine, as no notice of ap-

peal is shown from the order contained in the return, and un-til such notice is served an appeal has no existence.

II.—If an appeal is before this Court at all, it is only an appeal from the order refusing a new trial, as stated in the case, and the points made by Appellants upon the motion in arrest of judgment are without weight. *Comp. Stat.*, *p.* 621, *sec.* 1, 2.

III.—The motion for a new trial was made in the Court below upon one point only—" that the verdict is against the evidence and the weight of evidence." There was no notice given of a motion for a new trial on the ground that the verdict was against the law—such notice was necessary. *Comp. Stat.*, *p.* 565, *sec.* 63.

IV.—The evidence is sufficient to justify the verdict. 111 *G. & W. on New Trials*, 1239 *etc.*, 1301. The mortgage was paid absolutely. Appellant V. P. Lewis told witness Rolfe that it was paid, that " the debt was paid ; " folio 78, 79, 80, 83, 84, 95, 96, 97, 99, 100. 1 *Hill. on Mort.*, 216, *et seq.*; 5 *N. H.*, 432. Payment of the debt releases the mortgage. *Ib.*; 3 *John's Cases*, 329; 1 *Johns.*, 580; 1 *Hill. on Mort.*, 220, *and cases cited in note* 1; *ib.*, 242, 447, 460 *and cases cited;* 5 *Hill*, 276, *per Cow.*, *J.*; 18 *Johns. R.*, 7, 12; 21 *Wend.*, 483–86–87, *and cases cited;* 26 *Wend.*, 541; *Comp. Stat.*, *p.* 401, *secs.* 37 *and* 39.

V.—The verdict was regular and lawful. The damages were in the discretion of the jury. The point made by Ap-pellants is upon the wording of the verdict, and does not reach the facts found. The complaint claimed damages gen-erally, and the jury awarded $105.60. There is no penalty in the complaint or verdict.

There was no reason for finding a separate verdict against F. D. Lewis. The complaint charges a confederating by Appellants to defraud Respondent. Each is responsible for the acts of all. The jury could not assess the damages sev-erally. 2 *Green. Ev.*, *sec.* 277.

VI.—The complaint states facts sufficient to constitute a cause of action.

VII.—The position taken that the mortgage was *not paid*

but that there was simply a release of the debtor, is not supported by the evidence, or the authority cited.

C. G. RIPLEY, Counsel for Appellants.

JONES & JONES, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.—One Rolfe mortgaged certain lands to Litchfield, one of the Defendants, and afterwards conveyed them to Defendant, Velorous P. Lewis, subject, however, to the mortgage.   Lewis conveyed the same to one King, by deed of general warranty, and King, by similar deed, conveyed to the Plaintiff.  Intervening the two last named conveyances, Velorous P. Lewis, by an arrangement with Litchfield, the mortgagee, credited the amount of the mortgage on one which he himself held against lands belonging to Litchfield, and took an assignment thereof to his brother, the Defendant, Franklin D. Lewis.   The Plaintiff claims that this transaction between Velorous and Litchfield paid and discharged the mortgage, and that the assignment to Franklin was a sham, and for the purpose of fraudulently keeping alive the mortgage as an incumbrance on the lands.   Issue was joined upon the questions of payment, and of fraud in the transfer to Franklin, and on the trial thereof, the jury found generally for the Plaintiff; and specially that the mortgage from Rolfe was paid, absolutely, and that the transfer thereof was for fraudulent purposes.   They also assessed the Plaintiff's damages at $105.60, specifying that $100 thereof was statutory, and $5.60 " nominal damages."

The Defendants thereupon moved the Court in the terms following :

" And now after verdict for the Plaintiff in this case, and before judgment, the Defendants moved for a new trial on the following grounds :

" That said verdict is against the evidence and the weight of evidence ; and also in arrest of judgment, in this :

" 1st. That the verdict is irregular and against the law in this : that the same is among other things a general verdict against all the Defendants, for a statute penalty of one hun-

dred dollars, which could be only rendered, if at all, against F. D. Lewis alone.

2d. That the complaint in this case does not state facts sufficient to constitute a cause of action."

This motion was overruled by the following order, dated April 14th, 1862 :

" The application of the Defendants in this action for a new trial, having been brought on for argument, after hearing, &c. * * It is ordered that the application for a new trial in this action be denied."

The Defendants then gave notice of an appeal from an order and determination made in the action on said 14th day of April, 1862, " whereby a motion of the Defendants for setting aside the verdict of the jury, and for a new trial, and also in arrest of judgment, is denied."

On the ground that there was no such order entered in the record or case as that specified in the above notice of appeal, the Plaintiff makes a preliminary motion to dismiss. But we do not think it ought to be granted. The notice refers to an order and determination made on a certain day. The only order of the date thus referred to, of which we have any notice, or which is claimed to have been made, is that above given, wherein the application of the Defendants for a new trial is denied ; and, when we come to examine this application, we find that it specifies, as grounds for a new trial, all the several matters referred to in the notice of appeal. The Defendants have therein included not only one of the statutory grounds for a new trial, but also the grounds on which they expected to obtain a new trial as the result of having the judgment arrested. In other words they included under the general head of a motion for a new trial a motion in arrest of judgment. We have no doubt that the decision, and order consequent thereon, were intended to cover all the matters embraced in the motion or application to which they refer, and as we have seen that that includes all matters specified in the notice of appeal, we think the objection urged cannot be sustained.

As regards the point made on appeal that the verdict is against evidence, we think that the evidence is ample to sup-

port the finding, not only as regards the payment, but also the fraud in the transfer from Litchfield to Franklin D. Lewis. The mortgage on Litchfield's land, out of which the mortgage in controversy was paid or purchased, was the property of Velorous, and the jury might reasonably find, therefore, that the transaction was for the sole benefit of the party furnishing the consideration for the purchase. And to endeavor to keep alive the mortgage, after it was thus paid, was a fraud upon the owner of the land, although the motive for so doing may have been, as Defendant Velorous claims, and as we believe, solely to protect himself against King. The effect, however, is the same, whatever may have been the motive or design. We think that so far as this part of the verdict is concerned, it is correct, and that the Plaintiff therefore is entitled to have the cloud removed from his title in the manner prayed for in the complaint.

We do not, however, think that the evidence sustains the general verdict against the Defendants for damages. In addition to the objection that the Plaintiff nowhere alleges that he has been damaged in any sum whatever, the verdict includes statutory damages against all the Defendants, to the amount of $100. These damages are given by statute in certain cases, as a penalty, in one sense, for neglecting or refusing, for the space of seven days after proper demand, to discharge a mortgage, the conditions of which had been fully performed ; but such penalty or damages can only be visited upon a party who has it in his power legally to discharge the mortgage.

From the Plaintiff's own showing, it was not in the power of Litchfield, or of Velorous P. Lewis, to discharge the mortgage at the time of the demand made upon them. Franklin D. Lewis alone had power to execute a legal discharge, and he only can be held to be liable for the statutory damages. And as to him even, there appears to be a peculiar hardship in making him responsible ; when by the Plaintiff's own showing, he was ignorant of the assignment to himself until long after it was made, and consequently could not have participated in the fraudulent purpose charged. He, however, adopted the assignment after it was known to him ; and al-

though he may have known nothing of the real nature of the transaction, and the fraudulent purpose with which the assignment to him was made, at the time the Plaintiff requested him to discharge the mortgage, yet the statute gave him seven days after such demand, within which to inform himself, and seems to throw upon him the entire risk of coming to a correct conclusion as to what he ought to do.

The verdict, therefore, was erroneous, in so far as the statutory damages were assessed against the Defendants, Litchfield and Velorous P. Lewis; but as the Plaintiff is clearly entitled, from the finding of the jury in other respects to the relief demanded in the complaint as against all the Defendants, we will not force him to a new trial upon these issues, if he will remit these damages as against Litchfield and Velorous. We will, therefore, reverse the order and award a new trial, unless the Plaintiff, within ten days from the service of a copy of the order to be entered herein, remit from said verdict the statutory damages, as assessed against Defendants Litchfield and Velorous P. Lewis, and consent to take judgment therefor against Franklin D. Lewis alone. In which event the order appealed from is affirmed, and the Court below instructed to permit the Plaintiff to enter judgment upon the verdict, in accordance with the foregoing.

The question of the recovery of costs having been submitted to this Court, we hold that as the error of the Respondent compelled the Appellants to seek relief in this Court, the latter are entitled to recover their costs and disbursements.

Ordered accordingly by the Court.