ALBERT GALLOWAY vs. J. B. YATES and GEORGE B. HAYES.

An undertaking (given on appeal from an order,) by which the parties execu- ting the same agree in case a certain judgment be affirmed in whole or in part to pay such judgment, or the part as to which it is affirmed, will not support an ac- tion against such parties where it appears that as a matter of fact no such judg- ment was ever rendered.

The refusal to pay a judgment entered in accordance with the affirmance of the order appealed from in such case, is not a breach of the undertaking.

This action was brought in the District Court of Mower county, upon an undertaking on appeal, executed by the defendants in a certain action in said Court, wherein the above named Albert Galloway was plaintiff, and William Litchfield, Valorus P. Lewis and Franklin D. Lewis were defendants, which recites that a ver- dict was returned in said action in favor of the plaintiff, and against the defendants therein, for $105.60 ; that the defendants in said action moved to set aside the verdict, for a new trial and in arrest of judgment ; that thereupon the Court ordered judgment to be entered on said verdict, for said sum, and for defendants' charges and disbursements, to be taxed by the Clerk, and for other relief *as by reference to said judgment* will appear, and that all further proceedings be stayed until the decision of said motion ; that af- terwards said motion was denied, and the defendants feeling ag- grieved thereby, intend to appeal therefrom to the Supreme Court of the State of Minnesota. And the defendants Yates and Hayes therein, undertake " that the said appellants (defendants in said

action,) shall prosecute their  appeal with effect, and  pay all costs
and damages which may be awarded against them on said appeal,
not exceeding two hundred and fifty dollars, and that if said judg-
ment be affirmed, or any part  thereof be affirmed, said appellants
shall pay the amount  directed to be paid by the judgment, or the
part of such  amount as  to which the  judgment shall be affirmed,
and shall abide the order and judgment which the Appellate Court
may make in the premises."   The plaintiff  in his complaint sets
out substantially the execution of  the undertaking, its  terms and
recitals, and alleges  that the defendants in said action did prose-
cute their appeal  in  said  Supreme Court; that said Court by its
decision in said action "ordered that the said order appealed from
be reversed unless  the  respondent therein, within ten days after
service of a copy of said order, should  remit from the verdict of
the jury the statutory damages  assessed against said  Litchfield
and Valorus P.  Lewis, and  consent to  take judgment against
Franklin D. Lewis alone, in which event said order appealed from
was affirmed;" that said action was remanded to the Court below,
when, the plaintiff having  remitted from the verdict of the  jury
the statutory damages assessed against the other defendants, judg-
ment was rendered against said  Franklin D.  Lewis alone for
$105.60 ; that execution was issued on said judgment, which was
returned "*nulla bona;*" but it contains no averment that judgment
was entered before the  appeal, or before the  undertaking was ex-
ecuted.  The answer, in brief, avers that the defendants have fully
kept the covenants contained in the undertaking; avers that at the
time of the execution of the  undertaking there was no  judgment
entered up in said cause; that no judgment of said Court, (the
Court below,) nor any part of any judgment in said Court, in said
cause was affirmed, by the Supreme Court on said appeal.

A motion was made by the plaintiff that judgment be rendered
in favor of the plaintiff, notwithstanding the  answer, which mo-
tion was allowed, and  from  the order allowing the  same, the de-
fendant appeals to this Court.

C. G. RIPLEY for Appellant.

Galloway v. Yates et al.

JONES & BUTLER for Respondent.

*By the Court*—BERRY, J.—We deem it unnecessary to deter-
mine the questions of practice raised by the counsel for the appel-
lants. Granting that the answer was sham or frivolous, and that
it was entirely proper to disregard it, we think the respondent was
not entitled to judgment upon his complaint, for reasons which go
to the merits of the case. We infer from the complaint that no
judgment had in fact been entered prior to the former appeal,
both because the complaint in this action omits to set out the en-
try of any such judgment, and because none was reversed or set
aside by the Supreme Court. We do not see how it could be
contended that on an appeal from an order denying a motion to
set aside a verdict, &c., no judgment having in fact been entered,
an undertaking by which the parties executing the same, bind
themselves in case a judgment which has no existence "be affirm-
ed or any part thereof be affirmed," that they will "pay the amount
directed to be paid by the judgment, or the part of such amount
as to which the judgment shall be affirmed," could possess any
force or vitality whatever. Nor granting that judgment had
actually been entered, do we perceive how an action could be
maintained upon such an undertaking, without some further alle-
gation and proof of the existence of a judgment, than the loose
recital or rather allusion to its rendition contained in the under-
taking upon which the present action is brought. It is not claimed
that there has been any breach of the agreements mentioned in
the undertaking, except in respect of the non-payment of the
judgment. Was there any breach in this respect? By the terms
of the undertaking, the appellants bound themselves, "if said
judgment be affirmed or any part thereof be affirmed," to pay
"the amount directed to be paid by the judgment or the part of
such amount as to which the judgment shall be affirmed." Now,
even assuming that a judgment had been entered before the ap-
peal was taken, has the contingency upon the occurring of which
they bound themselves to pay arrived? The order of the Appel-

late Court was (8 *Minn.*, 188,) "that the said order appealed from be reversed, unless the plaintiff (that is, the respondent here,) should remit from the verdict of the jury the statutory damages assessed against said Litchfield and V. P. Lewis, and consent to take judgment against F. D. Lewis alone, in which event said order appealed from is affirmed," and the District Court "was instructed to permit the plaintiff to enter judgment therein upon the verdict in accordance with said order," which was done. Now all that was done by the Supreme Court, was to affirm or rather modify an *order*, not a judgment in whole or in part. This was not by the terms of the undertaking, the contingency upon the happening of which the appellants agreed to pay. There has been no breach upon their part.

The order of the Court below for judgment on the pleadings, and notwithstanding the answer, is reversed.