JOHN DANIELS v. GEORGE DENSMORE.

[FILED MAY 6, 1891.]

1. **Mortgages:** REFUSAL TO DISCHARGE: PENALTY. Any mortgagee, his personal representative or assignee, after full performance of the condition of the mortgage, whether before or after a breach thereof, who shall, for the space of seven days after being thereto requested, and after tender of his reasonable charges, refuse or neglect to discharge the same or to execute or acknowledge a certificate of discharge or release thereof, shall be liable to the mortgagor, his heirs or assigns, in the sum of $100 damages, and also for all actual damages occasioned by such neglect or refusal.

2. ———:———: ASSIGNMENT. The word "assignee" applies to any assignee of the mortgage without regard to the form of the assignment.

3. ———: TRANSFER OF DEBT CARRIES SECURITY. The note or debt is the principal thing, and the mortgage a mere incident, and the party to whom the note or debt is transferred becomes thereby the owner of the security, and on being paid the note or debt, he may be required to acknowledge satisfaction of the mortgage, and it is his duty, if need be, to provide himself with authority to satisfy the mortgage of record.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*Chas. L. Hall,* and *Chas. O. Whedon,* for plaintiff in error, cited: *Dickenson v. State,* 20 Neb., 81; *Thomas v. Reynolds,* 29 Kan., 310; *Low v. Fox,* 56 Ia., 221.

Daniels v. Densmore.

*L. W. Billingsley*, and *W. H. Woodward, contra.*

MAXWELL, J.

This action was brought against the assignee of the mortgagee to recover $40 actual damages and $100 as a penalty, for failing to enter a release of the mortgage when the same was paid and satisfied, and the defendant was thereupon requested to release the same, and the sum allowed by law for such release was duly tendered.

The plaintiff, in his petition, after setting out the making and delivery of the said note and mortgage, alleges: "That after the making of said note and mortgage by the Houstons to the said Franklin J. Cochran, said Franklin J. Cochran assigned the same by his written indorsement on above said mortgage and note to John Daniels; that also after the making of said mortgage and note by the said Houstons to the said Cochran, this plaintiff purchased the said real estate from the said Houstons, subject to said promissory note and mortgage securing the same; that after the purchase of said real estate by plaintiff as aforesaid, plaintiff did, on the 28th day of March, 1885, pay for and fully discharge said promissory note as appears by the written indorsement on the back of the same; that after the payment of said note and mortgage as aforesaid, plaintiff demanded of the said defendant that he have the said mortgage released of record, as he was by law compelled to do; that plaintiff, by his agent, tendered said Daniels sufficient money to pay for the proper expenses of the same, and the said Daniels refused to release the said mortgage, and has refused for more than seven days after being requested so to do."

Daniels, in his answer, denies that he is the mortgagee, his personal representative, or assignee, but admits the execution of the mortgage and admits that he purchased the note secured by said mortgage, but denies that the mort-

gage was assigned to him or that Densmore asked him to release said mortgage or that he refused to release the same.

On the trial of the cause judgment was rendered in favor of the defendant in error for the sum of $40.

Sec. 26, chap. 73, Compiled Statutes, provides that "Any mortgage that has been, or may hereafter be, recorded, may be discharged by an entry on the margin of the record thereof, signed by the mortgagee or his legal personal representative or assignee, acknowledging the satisfaction of the mortgage, in the presence of the register of deeds or his deputy, who shall subscribe the same as a witness, and such entry shall have the same effect as a deed of release duly acknowledged and recorded.

"Sec. 27. Any mortgage shall also be discharged upon the record thereof by the register of deeds in whose custody it shall be, whenever there shall be presented to him a certificate executed by the mortgagee, his legal personal representative or assignee, acknowledged or proved and certified as hereinbefore prescribed, to entitle conveyance to be recorded, specifying that such mortgage has been paid, or otherwise satisfied or discharged.

"Sec. 28. Every such certificate, and the proof or the acknowledgment thereof, shall be indexed in the order of mortgages, and recorded at full length; and in the record of discharge the register of deeds shall make a reference to the book and page where the mortgage is recorded.

"Sec. 29. If any mortgagee, or his personal representative or assignee, after full performance of the condition of the mortgage, whether before or after a breach thereof, shall, for the space of seven days after being thereto requested, and after tender of his reasonable charges, refuse or neglect to discharge the same as provided in this chapter, or to execute or acknowledge a certificate of discharge or release thereof, he shall be liable to the mortgagor, his heirs or assigns, in the sum of $100 damages, and also for all actual damages occasioned by such neglect or refusal, to be recovered in the proper action."

Section 39 provides that "The recording of an assignment of a mortgage shall not, in itself, be deemed notice of such assignment to the mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee."

The testimony shows that the plaintiff in error was in fact the assignee of the mortgage, although no formal assignment was made on that instrument. The testimony also shows that a demand was made upon him to release the mortgage after the same had been fully paid and satisfied, and that he neglected to do so, whereupon the defendant in error brought an action against him to •have the mortgage declared satisfied and the cloud removed from the title. In obtaining this decree the defendant in error claims that he expended $40, which sum the court below awarded him, but refused to enforce the penalty of $100 for failure to enter satisfaction on the record. The real defense of the plaintiff in error is, that he was not an assignee of the mortgage, within the meaning of the statute.

It will be observed that the recording of the assignment is not of itself notice to a mortgagor, his heirs or personal representatives. In this state ordinarily a note is given for the debt and a mortgage executed to secure the payment of the note. The note is the debt and the mortgage a mere incident. The mortgagor or his representatives may safely pay a debt to the person lawfully in possession of the note. In equity the transfer of the debt carries the security with it, and the person who is the assignee of the debt is also the assignee of the security. The mortgagee, after he had assigned the debt, could not enter satisfaction of the mortgage so as to defeat the rights of the assignee. Now the statute provides that the mortgagee, his personal representative or assignee, etc., shall enter a discharge of the mortgage when the same has been paid.

Mr. Jones, in his valuable work on mortgages, section 990, in speaking of an action to have a mortgage declared

satisfied, says: "The action should be brought against the person who has the power legally to discharge the mortgage, whether he be the mortgagee or an assignee or other holder of the mortgage. (*Ewing v. Shelton*, 34 Mo., 518.) It is erroneous when an assignee holds the mortgage to join with him in the action the mortgagee or any one else who could not execute satisfaction of the mortgage.. (*Galloway v. Litchfield*, 8 Minn., 188.) When the mortgage is in the form of a trust deed, the trustee, being the person who has the authority to enter satisfaction, is the one liable for neglect or refusal to do so. Where an assignee of a mortgage has negligently omitted to provide himself with authority to satisfy a mortgage of record on payment of the debt, he is liable for the costs of a suit instituted to obtain a judicial satisfaction of it. (*Hillman v. Stumph*, 1 Wils. [Ind.], 285.)"

The word "assignee" in the statute is without limitation or restriction. Why should the court apply a restriction in construing the word?

The mortgagor, in satisfying the mortgage, has a right to have satisfaction entered of record upon making demand to that effect and tendering the fee required by law. The only party who can enter this satisfaction is the one who owns and receives the debt. It may be said that as he is not the assignee of record his acknowledgment of satisfaction would be of no avail, but that is not true. The entry of satisfaction may show that the notes secured by mortgage have, on such a day, been paid to the assignee who was then the owner thereof, and such notes are now exhibited to the clerk. No particular form of words is necessary to show the satisfaction, but it must appear that the debt has been paid and satisfied, and hence that the mortgage was canceled and annulled. The mortgagor may be unable to execute another mortgage upon his property to borrow money to satisfy a loan, if the person who is the owner of the first mortgage debt, upon being paid

the same, cannot be compelled to enter satisfaction, and thus the mortgagor might be subjected to great hardship if not serious loss.   It was the duty of the plaintiff in error, when receiving payment of the notes, to enter satisfaction of the mortgage upon the record, and failing to do so he is liable for the costs of an action to remove the cloud from the title.   It is probable that he is also liable for the penalty, but that question does not arise in the case, as the judgment on that point is in his favor.    The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.