## EDMISON *et al.* v. SIOUX FALLS WATER CO.

1. On an assessment of damages on an injunction bond given in a suit to enjoin defendants from cutting off plaintiff's water supply, an

amount due defendants for water used by plaintiff while the restraining order was in force was properly disallowed where plaintiff was solvent during that time, and the order did not restrain the collection of water rents.

2.  Costs taxed in defendant's favor on the dismissal of an injunction suit are not recoverable as damages on a bond conditioned for the payment of such damages as may be sustained by reason of the injunction, when such costs would have been incurred if no injunction had been issued.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Minnehaha county, HON. JOSEPH W. JONES, Judge.

Action by Percivel H. Edmison and another, against the Sioux Falls Water Company. From a judgment confirming a referee's decision allowing damages on an injunction bond, the defendant and J. B. Clark and others, sureties, appeal. Modified.

*Davis, Lyon & Gates,* for appellants.

*Aikens & Judge,* for respondents.

HANEY, J. This action was commenced November 1, 1892, by the plaintiff's, Edmison and Jameson, who owned a building in Sioux Falls, occupied by numerous tenants, to restrain the defendant from discontinuing the supply of water furnished to such building from its water mains. A restraining order was made when the action was commenced, and continued in force until June 18, 1896, when a judgment was rendered wherein it was adjudged that the plaintiffs were not entitled to the restraining order, and the action was dismissed upon the merits. The undertaking given when the restraining order was issued, omitting the title, is as follows: "The above-named plaintiff having commenced an action for an injunction restraining the above-named defendant from cutting off and discontinuing the

water supply furnished from the water mains of the defendant beneath the streets in the city of Sioux Falls, to the plaintiff, for use in operating the hydraulic elevator and supplying offices and water closets in the six-story building in the complaint herein described: Now, therefore, we, James Jameson, J. B. Clark, and F. H. Hollister, of the county of Minnehaha, and state of South Dakota, undertake, pursuant to the statute, that the said plaintiffs will pay to the said Sioux Falls Water Company such damages, not exceeding one thousand dollars, as it may sustain by reason of the injunction, if the court shall finally decide that the plaintiff is not entitled thereto; and the damages may be ascertained by a referee or otherwise, as the court may direct. November 1st, 1892. [Signed.] James Jameson. J. B. Clark. F. H. Hollister." On March 10, 1899, the case came on for hearing before a referee for the purpose of assessing damages under the undertaking. It was found by the referee that on April 6, 1891, the plaintiffs, Edmison and Jameson, made an application in writing to the defendant for the use of water to run their hydraulic elevator; that the application was accepted by the defendant; that among the rules referred to in such application and made a part of the contract was the following: "Rule 24. For a violation of any of the company's rules, or for the non-payment of rent, the water company reserves the right to turn off the water without notice, and any payment shall be forfeited. After the water has been turned off from any service pipe, the same shall not again be turned on until back rents are paid, together with the expense of turning off and on such water, which expense shall in no case be less than one dollar." It was further found that the defendant furnished water under the application from November 5, 1892, to March 14, 1893, the amount of water rent due defendant therefor being $1,001.30, no part of which has been paid; that defendant commenced

an action in the circuit court against Edmison and Jameson on March 4, 1893, for the collection of water rents which had accrued under the aforesaid application; that such action was pending until the November term, 1895, when it was, by stipulation of the parties, referred, such reference resulting in a judgment in favor of the plaintiff, which was entered on June 10, 1896, in the sum of $4,090.97; that on June 29, 1896, an execution was issued on such judgment, and rendered wholly unsatisfied; that an alias execution was issued on February 25, 1899. and returned wholly unsatisfied; and that the plaintiffs' Edmison and Jameson, have each been insolvent since March 2, 1896. The referee allowed the following items of damage: Attorney's fee in the injunction case, $150; expenses necessarily incurred therein, $6.45; costs taxed in that action, $43.10; one witness fee, $1; attorney's fee for trying the issue of damages, $25, amounting in all to $225.55. His decision having been confirmed by the court, the defendant and sureties both appealed.

The defendant contends that the referee erred in not allowing as an item of damage the amount found to be due the defendant from Edmison and Jameson for the use of water while the restraining order remained in force. The sureties contend that the referee erred in allowing as an item of damage the costs taxed in favor of defendant upon the dismissal of the action on the merits. The first alleged error presents substantially the same question that was considered and decided by this court in Edmison v. Water Co., 10 S. D. 440, 73 N. W. 910. In this as in the former, case, defendant was not restrained from collecting its water rates by ordinary proceedings in the courts. During the time it was restrained from cutting off the supply of water, Edmison and Jameson were solvent. If no restraining order had been issued, the effect upon defendant's

collections would have been the same.  It would have continued to furnish water, relying upon the solvency of Edmison and Jameson, or it would have discontinued the supply.  If the supply had been discontinued, it certainly would not have been entitled to compensation for water never delivered.  We believe our former decision was right; that there is no distinction in principle between the former case and the one at bar; and that the referee did not err in declining to allow for uncollected water rates during the time the restraining order remained in force.  The costs taxed in the action would have been incurred if no restraining order had been issued.  They were not caused by the temporary injunction, and did not come within the terms of the undertaking, and should not have been allowed as damages against the sureties thereon.  Hovey v. Pencil Co., 50 N. Y. 335.  The amount of defendant's recovery should be reduced to the extent of $43.10, and, as so modified, the judgment of the circuit court is affirmed.