KELLEY, Respondent, v. NARREGANG INVESTMENT
COMPANY, Appellant.

(162 N. W. 386.)

(File No. 4030.   Opinion filed April 30, 1917.)

**Mortgages—Unauthorized   Mortgage—Cancellation   of—Failure   of
Consideration, Rescission of Mortgage By—Complaint, Failure
to Allege Payment for Satisfaction, Immateriality.**

Plaintiff executed and delivered a mortgage upon defendants agreement to loan him $7000, but defendant refused said advances, after recording the mortgage. The complaint alleged these facts, and that defendant refused upon demand, to satisfy the mortgage of record, and that plaintiff offered to pay defendant $25 more than sufficient to pay expenses of such satisfaction. **Held,** that defendant's contention that the complaint fails to state that the plaintiff paid any money to defendant to obtain such satisfaction, is untenable; that there never was any indebtedness or consideration from plaintiff to defendants

to pay or satisfy; and that under said rescission and failure of consideration, the mortgage was thereby satisfied and extinguished.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Action by William J. Kelley, against the Narregang Investment Company, Incorporated, to procure satisfaction of record of a mortgage, and for damages incurred, etc. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*C. O. Newcomb,* for Appellant.

*Frank McNulty,* for Respondent.

Appellant cited: Civ. Code, Sec. 2061.

Respondent cited: Sheets v. Prosser, (N. D.) 112 N. W. 72.

McCOY, J. The plaintiff alleged by his complaint that on the 20th day of October, 1913, he executed and delivered to defendant a certain mortgage covering certain lands situated in Brown county to secure a promissory note for $7,000 that day executed and delivered by plaintiff and wife to defendant; that as a part of said transaction defendant agreed to deliver to plaintiff the sum of $7,000 as the consideration for said note and mortgage; that thereafter defendant caused said mortgage to be recorded; that defendant neglected and refused to pay or deliver to plaintiff the said sum of $7,000, or any part thereof, and never paid to plaintiff any consideration whatever for the execution of said note and mortgage, but afterwards canceled and rescinded its agreement to furnish to plaintiff said $7,000 as consideration for said note and mortgage; that thereafter plaintiff demanded of defendant that it execute and deliver to him a certificate of discharge of said mortgage, at the expense of plaintiff, so acknowledged and executed as to entitle it to be recorded, or that defendant enter or cause to be entered satisfaction of said mortgage of record, and that plaintiff offered to pay to defendant the sum of $25 more than sufficient to pay the expense of making such satisfaction; that defendant refused to make such satisfaction or cause said mortgage to be satisfied of record; that thereafter plaintiff was compelled to commence action to cancel said mortgage of record, and was compelled to employ an attorney and incur large expense in procuring the satisfaction of said mortgage; that a trial was had in the circuit court resulting in a decree in favor of plaintiff adjudging that said mortgage was of no validity and

directing defendant to execute a satisfaction thereof; that in prosecuting said action and securing the cancellation and satisfaction of said mortgage the plaintiff was compelled to incur for expenses and attorney's fees the sum of $350, and was compelled to spend his time and expense in traveling and preparation and trial of said action of the reasonable value of $50; that defendant is indebted to plaintiff in the sum of $100 forfeiture and said damages under the provisions of section 2061, Civil Code; that plaintiff has been damaged by reason of defendant's failure to release and discharge said mortgage in the sum of $500, the same being $400 actual damages and a penalty of $100 as provided by said section 2061. To this complaint the defendant interposed a demurrer upon the ground that the same does not state facts sufficient to constitute a cause of action. From an order overruling said demurrer, the defendant appeals.

The particular contention of the appellant is that the complaint fails to state that the plaintiff ever paid any money to defendant to obtain the satisfaction of the indebtedness secured by said mortgage. The conclusive answer to this contention is that there never was, as clearly appears from the allegation of the complaint, any indebtedness or consideration from plaintiff to defendant to pay or satisfy; that the contract was rescinded by defendant, and the $7,000 consideration agreed to be delivered to plaintiff for the making of said mortgage was never delivered to plaintiff. The mortgage in question was satisfied and extinguished by defendant's rescission and failure to pay to plaintiff the $7,000 consideration therefor. We are of the opinion that the complaint states a cause of action.

The order appealed from is affirmed.