KELLY, Respondent, v. NARREGANG INVESTMENT COMPANY, Appellant.

(170 N. W. 131).

(File No. 4426. Opinion filed Dec. 31, 1918.)

(1). Mortgages—Failure of Consideration—Suit for Record Satisfaction, Damages, Measure of—Statute—Analogy to Improvident Injunction—Statute.

In a suit to recover damages for failure of a mortgage to satisfy of record a mortgage delivered without payment of the consideration therefor, for failure to discharge the mortgage of record, and for expenses of plaintiff in a suit for cancellation thereof, including attorney's fees and expenses incurred in securing satisfaction of the mortgage, held, that under Civ. Code, Sec. 2061, requiring mortgagee of a satisfied mortgage to execute and deliver certificate of discharge thereof, etc., or to cause satisfaction of the mortgage to be entered of record, and that for failure so to do he is liable to mortgagor, etc., for "all damages which he or they may sustain by reason of such refusal," attorney's fees in the suit for cancellation of record, and personal expenses of plaintiff therein in connection with preparation for trial of that action, are recoverable; that the situation is analogous to that arising upon injunction undertakings, where it has been decided the injunction was improvidently granted; this, whether the action is ex contractu (Civ. Code, Sec. 2293), or ex delicto (Civ. Code, Sec. 2312).

(2). Damages—Suit for Cancellation of Mortgage—Failure to Discharge Mortgage, as Proximate Cause.

The refusal of a mortgagee of a mortgage delivered without payment of the consideration therefor, to discharge same of record (Civ. Code Sec. 2061), held to have been the proxi-

mate cause of incurring expense and counsel's fees in a former
suit for cancellation of such record.

Appeal from Circuit Court, Brown County. HON. THOMAS
L. BOUCK, Judge.

Action by William J. Kelly, against the Narregang Invest-
ment Company, Incorporated, to recover damages for defendant's
failure to discharge of record a realty mortgage. From a judg-
ment for plaintiff, and from an order denying a new trial, defen-
dant appeals. Affirmed.

*C. O. Newcomb,* for Appellant.

*Frank McNulty,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Mader v. Plano Mfg. Co., 17 S. D. 553; Sec. 410, Code Civ.
Proc.; Janidt v. South Dakota, 77 N. W. 778; Oelrichs v. Wilson,
15 Wallace 42; Hager v. DeGroot, (N. D.) 50 N. W. 150; Fair-
banks v. Witter, 18 Wisconsin 287.

Respondent cited:

McLennon v. Fenner, 19 S. D. 492, 104 N. W. 218; Nielson
v. City of Albert Lea, 87 Minn. 285, 91 N. W. 1113; Plymouth
Gold Mining Company v. United States Fidelity & Guaranty
Company, 35 Mont. 23, 10 Am. & Eng. Ann. Cas. 951; Raymond
Brothers v. Green & Company, 12 Neb. 215, 10 N. W. 709; Mul-
vane v. Tullock, 58 Kan. 635, 50 Pac. 901.

(2) To point two, Respondent cited:

Secs. 2061, 2286, Civ. Code.

GATES, J. The substance of the complaint in this action is set
forth in the opinion rendered upon an appeal from an order over-
ruling a demurrer thereto. 38 S. D. 632, 162 N. W. 386, and need
not be reiterated here. Trial to the court. Judgment for plaintiff for
$500, consisting of the items of $350 attorney fees, $50 personal
expenses, and $100 statutory penalty as disclosed by the com-
plaint. Defendant appeals from the judgment and an order deny-
ing a new trial.

All of the points raised by appellant, save one, became res
judicata by the judgment of the circuit court in a former action
brought by the present respondent against the present appellant
to compel a cancellation of the mortgage. The one question be-
fore us is whether the words, "all damages which he or they may
sustain by reason of such refusal," as found in section 2061, Civ.
Code, include the fees paid by respondent to his attorneys in the

former action and respondent's personal expenses in connection with the preparation and trial of that action.

[1] While the statutes of a majority of the states contain provisions similar to our section 2061, Civ. Code, there is a surprising dearth of authorities upon this question. Jones on Mtgs. (7th Ed.) §§ 990-1037. Under a Nebraska statute (Comp. St. 1887, c. 73, § 29) which provided "he shall be liable to the mortgagor, his heirs or assigns, in the sum of $100 damages, and also for all actual damages occasioned by such neglect or refusal," the Supreme Court of that state held, in Daniels v. Densmore, 32 Neb. 40, 48 N. W. 906:

"It was the duty of the plaintiff in error, when receiving payment of the notes, to enter satisfaction of the mortgage upon the record, and, failing to do so, he is liable for the costs of an action to remove the cloud from the title."

By the same token it would seem that if he were liable for the costs of that action he would also have been liable for the counsel fees paid by the successful party in that action if a claim had been made therefor.

In our opinion the situation is analogous to that arising in actions upon undertakings given in injunction proceedings where it has been decided that the injunction was improvidently granted. While in those cases the action is ex contractu and the damage is measured by section 2293, Civ. Code, and in this case the action is ex delicto and the damage is measured by section 2312, Civ. Code, yet if counsel fees are properly allowable in the one case they certainly are in the other. In each case the question is, Was such claimed element of damage "proximately caused thereby"?

In McLennon v. Fenner, 19 S. D. 492, 104 N. W. 218, this court held that reasonable counsel fees in the former action constituted an element of damage in an action upon an injunction undertaking, as "being clearly within the proximate consequences of the injunction."

In Edmison v. Sioux Falls Water Co., 10 S. D. 440, 73 N. W. 910; id., 14 S. D. 486, 85 N. W. 1016, attorney's fees were allowed by the trial court, and no suggestion that they were improperly allowed was raised on the appeals, but those decisions discuss the items of damage that come within the definition of proximate cause.

In Spelling on Injunction, etc., § 953, and Joyce on Injunction, section 203, the rule is laid down that generally attorney's fees and expenses incurred upon a successful motion to dissolve an injunction are properly allowable as elements of damage in a suit on the injunction bond. See, also, note, 8 Ann. Cas. 712; 13 Ann. Cas. 262; Ann. Cas. 1912D, 715.

In our opinion the former successful action brought by this respondent bears the same relation to the liability arising under section 2061, C. C., as the successful motion of a party to dissolve an injunction bears to the liability arising under the injunction undertaking.

[2] In our opinion the refusal of appellant to discharge the mortgage was the proximate cause of the incurring of the expense and counsel fees in the former action by this respondent.

The judgment and order appealed from are affirmed. The decisions in Jandt v. South, 2 Dak. 46, 47; N. W. 779, and Hegar v. De Groat, 3 N. D. 354, 56 N. W. 150, cited by appellant, would be pertinent if respondent had sought to charge appellant with his attorney's fees in this action.