JUEL, et al, Respondents, v. KUNDERT et al, Appellants.

(192 N. W. 753.)

(File No. 5036. Opinion filed March 14, 1923.)

1. **Mortgages—Pleading—Demurrer—Complaint Held to Show Liability Even Though Neither Plaintiffs Nor Subsequent Grantors Were Personally Liable to Pay Mortgage.**

In action by grantors against successive grantees of land for failure to pay a mortgage alleged to have been assumed by defendants, in view of liberality of construction of pleading under Rev. Code 1919, Sec. 2363, complaint held to allege sufficient facts to show defendants' liability to plaintiffs, even though neither plaintiffs nor any of the subsequent grantors were personally liable to pay it.

2. **Action—Parties—Demurrer—Action Held Not to Unite Persons Jointly Liable With Those Severally Liable.**

In an action by grantors against successive grantees of land for failure to pay mortgage alleged to have been assumed by them, where there was liability asserted against three groups, the liability of each of which was several it was proper to unite in one action causes to enforce those three several liabilities, notwithstanding the liability asserted against one group was against two defendants.

3. **Damages—Attorney and Client—Parties Assuming Mortgage Not Liable For Attorney's Fees in Action Thereon.**

In grantor's action against successive grantees for failure to pay a mortgage on the land granted, a liability on the part of defendants for attorney's fees incurred in the action cannot be asserted.

Appeal from Circuit Court, Lincoln County; HON. JOHN T. MEDIN, Judge.

Action by M. P. Juel and another against Charles L. Kundert and others. From an order overruling demurrer to the complaint, defendants appeal. Affirmed.

*Bielski & Elliott* and *Kirby, Kirby & Kirby*, all of Sioux Falls, for Appellants.

*Carlson & Smith*, of Canton, for Respondents.

(1) To point one of the opinion, Appellant cited: King v. Whitely, 10 Paige Ch. N. Y. 465; Frye v. Ausmen et al, 29 S. D. 30; Vrooman v. Turner, 69 N. Y. 280; Hicks v. Hamilton (Mo.), 46 S. W. 432; Norwood v. De Hart, 30 N. J. Eq. 412; Morris v. Mix (Kan.), 46 Pac. 58.

Respondent cited: Cockrell v. Poe (Wash.), 12 A. L. R. 1524; Baber v. Hanie, 12 A. L. R. 1518.

(2)   To point two, Appellant cited: 1 Parsons Contr. (6th Ed.) 11; Clark on Contr. (1894), Hornbrook Series, 603, Sec. 254.

Respondent cited: Rev. Code 1919, Sec. 2316; Senn v. Connelly, 120 N. W. 1097; Northern State Bank v. Bellamy, 125 N. W. 888, 31 L. R. A. (N. S.) 149; Stark County v. Mischel (N. D.), 156 N. W. 931.

GATES, J.   This appeal is from an order overruling defendants' demurrer to the amended complaint based on want of facts and that several causes of action were improperly united.

The complaint is as follows:

"(1)   That the above-named defendant, the Harrisburg Loan Company, is now, and at all times herein mentioned it was, a corporation duly organized and existing.

"(2)   That prior to the 23d day of July, 1919, the above-named plaintiffs were the owners of the following described property, namely: The south one-half of section 10 in township 99 north, of range 50 west of the 5th P. M., in Lincoln county, S. D.

"(3)   That on or about the date last named, the above-named plaintiffs for a valuable consideration contracted to sell, and did agree to sell, the said premises to the above-named defendants, Edgar Wardwell and John Evenson; and the said defendants herein named did on said day in writing contract and agree to purchase said premises of the said plaintiffs.

"(4)   That at the time last mentioned there was upon said premises a valid and subsisting mortgage in the sum of $4,000.

"(5)   That the said contract was in writing and duly signed and executed by all the parties thereto, the same being those plaintiffs and the defendants mentioned in paragraph 3 hereof.

"(6)   That under and by virtue of the said contract the said defendants mentioned in paragraph 3 hereof assume the mortgage herein above described, and contracted and agreed to pay the same together with the interest thereon from the 1st day of March, A. D. 1921, as the same became due.   Which contract was an

ordinary contract for deed between these plaintiffs as the sellers,. and the said defendants as the purchasers, and in wlhich contract the said defendants were designated as second parties. In so far as the issues in this case are concerned, the said contract provided as follows: 'The said party of the second part hereby covenants. and agrees to pay said party of the first part the sum of fifty-six thousand (56,000) dollars in the following manner: (Omitting other payments.) Second party also to assume a mortgage now on premises in the sum of four thousand (4,000) dollars, with in-- terest from March 1, 1920, at five per cent. Which mortgage was the identical mortgage referred to in this complaint.'

"(7) That thereafter by an oral agreement of these plain-tiffs and the defendants, Wardwell and Evenson, herein men-tioned, the said property was conveyed to the above-named de-fendant, Charles L. Kundert, by an instrument in writing, namely,. by a warranty deed, and which deed was in the statutory form,. and which deed contained the following provisions after the de-scription of the land: 'Subject to a first mortgage of thirteen thousand and five hundred (13,500) dollars, etc. (Here described. other mortgages), and also subject to a third mortgage of four thousand (4,000) dollars with interest from March 1, 1920, at five per cent. which grantee assumes and agrees to pay as a part of the purchase price.' That the mortgage referred to in said deed and for $4,000 was the identical mortgage referred to in this. complaint.

"(8) That thereafter the said property was conveyed by a warranty deed to the above-named defendant, Harrisburg Loan Company, a corporation, and which corporation under the terms. and provisions of said deed likewise agreed and contracted to pay the said mortgage, referring thereto in the following terms : 'Which grantee assumes from March 1, 1921, and agrees to pay as a part of the purchase price; grantee referred to in said deed being the defendant, the Harrisburg Loan Company, and the said mortgage being the mortgage referred to in this complaint.'

"(9) That the said contracts of each of the said defendants. herein to assume and to pay the said mortgage and interest as. above set forth were each and all valid and subsisting obligations ;. legal and binding in law and in fact, and made for the benefit of these plaintiffs; and founded upon a valuable, valid, and sufficient

consideration, so that each and all of the said defendants thereby became obligated to pay the said mortgage as herein stated.

"(10)    That the defendants and each of them failed, refused, and neglected to pay the said mortgage or the interest thereon as the same became due, or at all, except that certain of the said defendants did pay upon the principal of said mortgage the sum of $1,300, and did pay the interest thereto to the 1st day of March, A. D. 1921.

"(11)    That the said mortgage by its terms became due on the 1st day of March, A. D. 1921, and provided that thereafter the indebtedness secured thereby should bear interest at the rate of 8 per cent per annum.

"(12)    That on account of the said failure and refusal of the said defendants to pay the mortgage and the indebtedness secured thereby as the same became due, the above-named plaintiffs were compelled to pay the same, and costs were incurred thereon, and the items paid by these plaintiffs were as follows, to-wit:

"Balance on the note, $2,700.00.

"Interest from March 1, 1921, to October 4, 1921, $127.80.

"Sheriff's fees, $7.20.

"(13)    That on account of the said failure of the said defendants to carry out the said contract so made by them, and particularly to make the payments required of them as herein set forth, these plaintiffs were compelled and did employ the firm of Carlson & Smith, attorneys at law, Canton, S. D., to protect their interests herein, and thereby incurred an expense of attorney's fees in the sum of $100; that on account of the said failure of the said defendants to carry out the terms of said contract as herein specified, the said plaintiffs were compelled to employ the said attorneys for the purpose of enforcing the said contract against the said defendants, and thereby have incurred additional attorney's fees in the sum of $250.

"Wherefore, these plaintiffs demand judgment against the said defendants and each of them for the sum of $3,185, together with interest thereon at 7 per cent per annum from this date, besides statutory costs."

It is urged by appellants that no where in the complaint is there an allegation that plaintiffs were personally liable for the

mortgage debt. That is true unless paragraph 12 covers that point. It is urged also that there is no allegation that plaintiffs conveyed the property to Kundert. That is true. Who Kundert's grantor was is not alleged. It is also urged that there is no allegation that Kundert, or any one who was personally liable for the mortgage debt, conveyed the property to the Harrisburg Loan Company. That is true. Who the loan company's grantor was is not alleged. It is therefore urged that facts are not alleged showing any liability on the part of any of the defendants to the plaintiffs, the chief contention being that in order to hold defendants liable under the mortgage assumption the plaintiffs must have been personally liable to pay the mortgage.

In Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842, this court quoted with approval the following from the dissenting opinion in McKay v. Ward, 20 Utah 149, 57 Pac. 1024, 46 L. R. A. 623:

"My conclusion is that the rule which exempts a grantee, who has merely in a deed of conveyance assumed and agreed to pay the mortgage in case his immediate grantor is not personally liable for the payment of the mortgage debt, from liability to the mortgagee, or owner of the mortgage, is not only founded in reason and principle, but is sustained by an overwhelming weight of authority. I do not intend to hold, however, that the grantee of mortgaged premises, whose grantor is under no personal obligation to pay the mortgage debt, cannot render himself liable to the mortgagee for a deficiency judgment upon foreclosure and sale by accepting a deed containing an assumption clause with knowledge of such contents, and which clause contains apt words showing that the grantor intended to bestow a benefit upon the mortgagee. The rule cannot be thus extended; for doubtless a grantor may direct the payment of the purchase price as he chooses, and may, if he so wishes, contract with a grantee that the latter will pay a certain sum to a stranger, or a mortgagee, or any person upon whom the grantor chooses to confer a benefit, and in such cases the beneficiary may enforce the contract. Where, however, as in the case at bar, the grantor is not personally liable, the assumption clause ought to be construed as a mere indemnity to the grantor, unless there is something to show a different intention by the contracting parties."

[1] In view of that decision and by reason of the allegations contained in paragraph 9 of the complaint and by exercising extreme liberality in the construction of this pleading (Rev. Code 1919, § 2363), we conclude that sufficient facts are alleged to show defendants' liability to plaintiffs, even though neither the plaintiffs nor any of the subsequent grantors were personally liable to pay the mortgage.

[2] We next consider the question whether several causes of action have been improperly united. Plaintiffs assert their right to join all of the defendants in one action because of the provisions of section 2316, Rev. Code, 1919, which reads:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, whether the action is brought upon the instrument or by a party thereto to recover against other parties liable over to him, and persons liable severally for the same debt or demand, although upon different obligations or instruments, may all, or any of them be included in the same action, at the option of the plaintiff."

Of course, if all of these defendants were jointly liable, they could all be sued in one action and there would be no need of invoking that section. But appellants say that the complaint purports to state a joint liability on the part of Wardwell and Evenson; a several liability on the part of Kundert and a several liability on the part of the loan company. They assert therefore that this is a case of uniting persons jointly liable with those severally liable, and that such union is not contemplated by the above section. Three liabilities are asserted: (1) By Wardwell and Jameson; (2) by Kundert; (3) by the loan company. As between Wardwell and Jameson, on the one hand, and Kundert or the loan company, on the other hand, the liability of each of these three groups is several. It is therefore proper to unite in one action causes to enforce these three several liabilities, and the point made by appellants is without merit.

[3] The last clause of paragraph 13 of the complaint purports to state an item of damage for attorneys' fees incurred. If it is thereby intended to assert a liability on the part of these defendants for the attorneys' fees incurred in this action then that clause does not state a cause of action. Jandt v. South, 2 Dak.

46, 47 N. W. 779; Hegar v. DeGroat, 3 N. D. 354, 56 N. W. 150; Kelly v. Narregang Inv. Co., 41 S. D. 222, 170 N. W. 131. This point was not raised by appellants, but in affirming the order appealed from we do not wish to be understood as holding that defendants are liable for the payment of plaintiffs' attorneys' fees in this action.

The order appealed from is affirmed.

Note—Reported in 192 N. W. 753. See American Key-Numbered Digest, (1) Mortgages, Key-No. 292(6), 27 Cyc. 1367-28 and 1924 Ann.; (2) Action, Key-No. 50(5), 1 C. J. Sec. 264; (3) Damages, Key-No. 72, 17 C. J. Sec. 133.

On right of mortgagee to enforce purchaser's promises to pay the mortgage where the grantee or promisee was not himself liable, see notes in 22 L. R. A. (N. S.) 492 and 39 L. R. A. (N. S.) 151 and L. R. A. 1916D, 154; 19 R. C. L. 376.