## SECURITY NATIONAL BANK OF SIOUX FALLS, Respondent, v. APPEL, et al, Appellants.

### (213 N. W. 943.)

(File No. 6253.    Opinion filed May 19, 1927.)

1. **Action—Complaint Based on Guaranty Contracts, Signed by Different Persons, Naming All Signers as Defendants, Held Not Demurrable for Misjoinder of Parties (Rev. Code 1919, § 2316).**

   Complaint by bank, based on three written contracts of guaranty for payment of notes rediscounted for another bank, signed by different persons, in which such signers and the other bank were named, as defendants, held not demurrable for misjoinder of parties, in view of Rev. Code 1919, § 2316.

2. **Action—Complaint Based on Guaranty Contracts for Payment of Rediscounts Held Not to Improperly Unite Several Causes of Action.**

   Complaint by bank, based on three written contracts of guaranty for payment of notes, rediscounted for another bank, held not to improperly unite several causes of action, notwithstanding that defendant bank's bills payable were carried on plaintiff's books as main debt, where they were in fact merely additional promises for payment of rediscounts.

3. **Guaranty—Evidence Held to Support Finding Establishing Liability of Guarantors of Payment of Notes Rediscounted for Defendant Bank.**

   Evidence held sufficient to support finding establishing liability of signers of guaranty for payment of notes rediscounted for defendant bank by plaintiff bank; defendant bank's bills payable being merely additional promises.

4. **Guaranty—Intention of Parties to Guaranty Contract Should Be Determined and Given Effect.**

   In construing contract of guaranty, intention of parties, as ascertained by fair and reasonable interpretation of terms used and language employed in contract, read, when necessary, in light of attendant circumstances, should be determined and given effect.

Note.—See, Headnote (1), American Key-Numbered Digest, Action, Key-No. 50(5), 1 C. J. Sec. 264; (2) Action, Key-No. 50(5), 1 C. J. Sec. 262; (3) Guaranty, Key-No. 91, 28 C. J. Sec. 201; (4) Guaranty, Key-No. 27, 28 C. J. Sec. 76.

On the rule as to construction of guaranty according to intention of parties, see 12 R. C. L. 1074; 5 R. C. L. Supp. 674.

For forms in suits on guaranty, see Bancroft's Code Pleadings, Vol. 3, pg. 2427.

Appeal from Circuit Court, McCook County; HON. HERBERT B. RUDOLPH, Judge.

Action by the Security National Bank of Sioux Falls against John Appel, John Carlson, Carl Wobig, and another. From a judgment for plaintiff and from an order denying a new trial, named defendants appeal. Affirmed.

*Danforth & Barron,* of Sioux Falls, and *Baldwin & Lyons,* of Howard, for Appellants.

*Caldwell & Caldwell,* of Sioux Falls, for Respondent.

MISER, C. The Security National Bank of Sioux Falls, respondent herein, in February, 1919, took over and merged within it and purchased the assets of the Security Trust & Savings Bank. Appel, Carlson, and Wobig, appellants herein, both before and after that date, were directors and officers of the Farmers' State Bank of Unityville, which, since the commencement of the action, but before the trial, has been taken over by the superintendent of banks as an insolvent bank. In November, 1918, Appel, who at that time was president of the Farmers' State Bank, executed a written guaranty to the Security Trust & Savings Bank to the extent of $20,000, for the purpose of enabling the Farmers' State Bank to obtain from the Security Trust & Savings Bank credit to that amount. On the strength of this guaranty, the Security Trust & Savings Bank bought a large number of notes from the Farmers' State Bank, which notes were indorsed by the Farmers' State Bank without recourse. On June 17, 1920, appellant Appel and two others executed and delivered to the respondent the instrument which will be hereafter referred to as Exhibit C. Exhibit C is as follows:

"The Security National Bank of Sioux Falls, having purchased or being about to purchase from the Farmers' State Bank, Unityville, S. D., certain notes or other evidences of indebtedness all of said notes or other evidences of indebtedness having been or to be purchased in consideration of this agreement of guaranty:

"Now, therefore, in consideration of the purchase of the said notes or other evidences of indebtedness as aforesaid, we, the undersigned, hereby guarantee prompt payment at maturity of the principal and interest of any and all notes or other evidences of indebtedness that have been or that may hereafter and prior to

the receipt by said the Security National Bank of Sioux Falls from the undersigned of written notice withdrawing this guaranty, be purchased by the said the Security National Bank of Sioux Falls from the said Farmers' State Bank, Unityville, S. D., either with or without its indorsement or guaranty of payment. Not to exceed in amount at face value, exclusive of interest, at any one time, the sum of twenty thousand dollars ($20,000.00), and we do hereby waive presentment for payment, protest, and notice of non-payment or of dishonor and of protest, of any and all of said notes and other evidences of indebtedness and do hereby consent that the said the Security National Bank of Sioux Falls may renew, extend the time, and change the manner of payment of any and all of said notes or other evidences of indebtedness without notice to us, and we agree that such renewal, extension, or change shall not release us from our liability upon this agreement, and that no act or omission of any kind on the part of said the Security National Bank of Sioux Falls shall in any way whatsoever affect or impair this guaranty.

"Notice of the acceptance of this guaranty and of any and all purchases of said notes or other evidences of indebtedness and of any and all acts of the said the Security National Bank of Sioux Falls in connection with the purchase of said notes or other evidences of indebtedness or having reference in any manner to said notes or other evidences of indebtedness is hereby expressly waived.

"Dated this 17th day of June, 1920."

On the 22d of September, 1920, appellants Carlson and Wobig and two others signed an instrument identical with Exhibit C, except only as to date and the names of the signers, and except that, instead of the sum of $20,000 which appears in Exhibit C, the instrument signed on September 22, 1920, limited the guaranty to the sum of $65,000. This latter instrument will be referred to as Exhibit D. At the time of the execution and delivery of Exhibits C and D, respondent bank had the notes purchased by the Security Trust & Savings Bank from the Farmers' State Bank. After Exhibits C and D were received by respondent, new notes were taken by respondent for each of the notes so purchased by the Security Trust & Savings Bank from the Farmers' State Bank.

Each of these new notes was taken in exchange for a similar note by the same maker in the same amount, and the old note was returned to the maker. The new notes were also endorsed by the Farmers' State Bank; but, whereas the original notes were indorsed by the Farmers' State Bank "without recourse," the new notes were indorsed "with recourse." The face of these notes amounted, on August 5, 1922, to $29,900. On that date the Farmers' State Bank of Unityville executed its note in that sum to respondent bank as additional security thereto. This note for $29,900 was subsequently returned to the Farmers' State Bank, after it had, on February 13, 1923, executed its promissory note to respondent for $20,000, and, on June 20, 1923, executed its promissory note to respondent for the sum of $8,900. The notes so executed by the Farmers' State Bank to the Security National Bank will be referred to hereafter as "bills payable." The notes purchased by the Security Trust & Savings Bank from the Farmers' State Bank and the notes subsequently taken by the Security National Bank from the same makers, which were indorsed with recourse by the Farmers' State Bank, will be hereinafter referred to as "rediscounts." The trial court found, and the evidence clearly establishes the fact to be that the original rediscounts were acquired by purchase at different times, and that respondent, at the time of the trial, was the owner and holder for value of the new notes given therefor, which then amounted to a larger sum, but, when findings of fact were later made, amounted to the sum of $13,300 principal and $2,967.17 interest, making the total value of such rediscounts, at the time of said findings, $16,267.17. Judgment in that sum was rendered against all the signers of each contract of guaranty, as well as the Farmers' State Bank, all having been joined as defendants. The court also found, and there was abundant evidence to support the finding, that the bills payable aforesaid were executed and delivered by the Farmers' State Bank to respondent as assurance of the payment of the rediscounts, although, on the books of respondent, the rediscounts were carried as collateral to the bills payable. That respondent, in purchasing said rediscounts, relied upon the guaranties contained in Exhibits C and D, and that said guaranties were given by appellants and others as directors for the purpose of inducing respondents to purchase said rediscounts.

[1, 2] Appellant contends, first, that several causes of action have been improperly united, and that there has been a misjoinder of parties defendant; second, that there is no sufficient evidence to support the findings and the judgment thereon, which was in favor of the respondent and against all the signers to the respective guaranties, including the three appellants.

As to the first question, it is true that, as alleged in the complaint, three instruments of guaranty were signed; that the first was signed by Appel and another; the second, Exhibit C, was signed by Appel and two others; the third, Exhibit D, was signed by Carlson and Wobig and two others, that Appel did not sign Exhibit D, and that Carlson and Wobig did not sign Exhibit C. It is equally true that the defendant Farmers' State Bank executed the bills payable hereinbefore referred to, and that these bills payable were carried on the books of the respondent bank as the main debt; but the trial court found, and the evidence clearly showed, that, in truth and in fact, these bills payable were merely additional promises and assurances for the payment of the rediscounts, which were, in fact, the main debt, and that the signers of Exhibit C and the signers of Exhibit D and the signer of the bills payable, to wit, the Farmers' State Bank, were, each and all, liable severally for the same debt, to wit, the debt represented by the rediscounts. Under section 2316, Rev. Code 1919, the joinder of such parties is expressly permitted; and this court, in Juel v. Kundert, 46 S. D. 314, 192 N. W. 753, held a complaint good on mere demurrer where the facts alleged showed a liability on the part of the defendants similar to the liability of appellants herein.

[3, 4] As to the next question, namely, whether the evidence is sufficient to sustain the findings and judgment, a careful reading of Exhibits C and D and a comparison of their provisions with the evidence leaves no doubt of its sufficiency. We have here, not merely a guaranty of notes to be bought, but also of notes already bought. Nor are we compelled to speculate upon the effect of renewal or change of the form of the indebtedness, questions which would otherwise add to the difficulties of applying the law of guaranty. Here it was evidently the intent of the parties to these several contracts of guaranty that appellant directors of a bank which had these notes to sell should guarantee the payment of these notes to respondent bank which furnished a market for

them. The contracts appear to have been drafted for the purpose of protecting respondent from loss by reason of notes acquired from appellants' bank. That appears to have been the intent of the parties.

"The important question is, if possible, to determine and give effect to the intention of the parties as ascertained by a fair and reasonable interpretation of the terms used and the language employed in the contract of guaranty as read, when necessary in the light of the attendant circumstances and the purposes for which the guaranty was made." 28 C. J. 930.

Applying the above rule of construction to the facts in the case at bar, remembering, at all times that, after the execution of both Exhibits C and D, respondent accepted from appellants' bank new notes legally indorsed by such bank with recourse, and surrendered the original rediscounts indorsed without recourse, the contents of guaranty herein sued upon were clearly intended to cover the rediscounts, and the findings, conclusions, and judgment of the trial court were amply supported by the evidence.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.